IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00337-MEH

WINTERGREEN HOMES-BRETT II, LLC,

Plaintiff,

v.

UNITED SPECIALTY INSURANCE COMPANY,

Defendant.

**STIPULATED ORDER
PURSUANT TO RULE 502(d) OF THE FEDERAL RULES OF EVIDENCE**

Subject to the provisions of this Order, if a party (the "Disclosing Party,") discloses information in connection with the above-captioned civil action that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or the work product doctrine ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed to be a waiver or a forfeiture—in this or in any other federal or state proceeding—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter;

FURTHER ORDERS that a Disclosing Party must promptly notify the party receiving the Protected Information ("the Receiving Party"), in a writing that specifically identifies the documents the Disclosing Party claims are Protected Information, by bates number if applicable, that the Disclosing Party has disclosed such Protected Information without intending a waiver by the disclosure;

FURTHER ORDERS that, upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with the provisions of this Order—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester, or destroy (or, in the case of electronically stored information, delete) the Protected Information and all copies that it has within its possession, custody, or control, and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information;

FURTHER ORDERS that, within five business days of receipt of notification from the Receiving Party that the Receiving Party contests the Disclosing Party's claim that the documents are Protected Information, the Disclosing Party must explain in writing, as specifically as possible, why the Protected Information is privileged and/or protected;

FURTHER ORDERS that, if the Disclosing Party contests the Receiving Party's claim that the documents are not Protected Information, the Disclosing Party must — within five business days of receipt of the notice of the Receiving Party's contest of the Disclosing Party's claim — move the Court for an Order protecting from disclosure the information claimed as unprotected (a "Motion for Protective Order re: Disclosed Information Claimed to Be Protected Information");

FURTHER ORDERS that, pending resolution of the Motion for Protective Order re: Disclosed Information Claimed to Be Protected Information, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the Motion for Protective Order re: Disclosed Information Claimed to Be Protected Information;

FURTHER ORDERS that the parties may stipulate to extend the time periods set forth above;

FURTHER ORDERS that nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced;

FURTHER ORDERS that the Disclosing Party retains the burden—upon challenge pursuant to the provisions of this Order—of establishing the privileged or protected nature of the Protected Information;

FURTHER ORDERS that nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information;

FURTHER ORDERS that this Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection;

FURTHER ORDERS that the provisions of Rule 502(a) of the Federal Rules of Evidence apply when the Disclosing Party uses or indicates that it may use information produced pursuant to this Order to support a claim or defense; and

FURTHER ORDERS that the provisions of Federal Rules of Evidence 502(b)(2) are inapplicable to the production of Protected Information pursuant to this Order.

SO ORDERED this 22nd day of March, 2016.

                BY THE COURT:

                s/ Michael E. Hegarty
                Michael E. Hegarty
                United States Magistrate Judge

DN 32299672.4